UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE BASSIL, On Behalf of Themselves and All Others Similarly Situated, | § § § § § § § § § § § § | |
| Plaintiff, | | Civil No._____ |
| v. | | |
| PITA PAL INDUSTRIES, INC., MELISSA NAVON AND JOSEPH NAVON | | JURY TRIAL DEMANDED |
| Defendants. | | |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Joe Bassil (referred to as "Plaintiff") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Pita Pal Industries, Inc. (referred to as "Pita Pal"), Melissa Navon and Joseph Navon (collectively referred to as "Defendants"). In support thereof, he would respectfully show the Court as follows:

### I.　NATURE OF SUIT

1.　Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.　The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the

FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Defendants violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Plaintiff brings this collective action under section 216(b) of the FLSA on behalf of himself and all other similarly situated employees in order to recover unpaid overtime wages.

## II. JURISDICTION AND VENUE

6. Plaintiff's claims arise under the FLSA. 29 U.S.C. §§ 201-219. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because at least one defendant resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

### III. THE PARTIES

8. Joe Bassil is an individual who resides in Harris County, Texas and who was employed by Defendants during the last three years.

9. Defendant Pita Pal Industries, Inc. (referred to as "Pita Pal") is a Texas Corporation that may be served with process by serving its registered agent, Melissa D. Navon at 941 W. 18th St., Houston, Texas 77008. Alternatively, if the registered agent of Pita Pal cannot with reasonable diligence be found at the company's registered office, Pita Pal may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Defendant Melissa Navon, is an individual who may be served with process at 3100 Canal Street, Houston, Texas 77003 or wherever she may be found. Defendant Melissa Navon, Individually may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at her office or place of business because this action grows out of or is connected with the business she transacts in this state.

11. Defendant Joseph Navon, is an individual who may be served with process at 3100 Canal Street, Houston, Texas 77003 or wherever he may be found. Defendant Joseph Navon, Individually may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at him office or place of business because this action grows out of or is connected with the business he transacts in this state.

12. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

13. Pita Pal is a company that manufactures and distributes hummus to grocery stores; it does business in the territorial jurisdiction of this Court.

14. Defendants Melissa Navon, Individually, and Joseph Navon, Individually, are officers and/or directors and/or managers of Pita Pal. As such, they have operational control of Pita Pal and/or effectively dominate its administration or otherwise act, or have the power to act, on behalf of Pita Pal vis-à-vis its employees. This is includes, but is not limited to, developing and implementing pay practices, hiring and firing employees, undertaking managerial responsibilities, and otherwise exercising control of the work situation.

15. Plaintiff was employed by Pita Pal as a full-time Merchandiser within the last three years.

16. During Plaintiff's employment with Pita Pal, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise

working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

17. Merchandisers are responsible for maintaining store shelves containing Pita Pal products, including removing damaged or freshness dated products; providing optimum display of products; tidying stores shelves where product is located; restocking shelves with product from stores' inventory; sets up displays for special promotions; etc.

18. Merchandisers, including Bassil, regularly work in excess of forty (40) hours per week.

19. Defendants knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

20. Defendants do not pay Merchandisers, including Bassil, "at a rate not less than one and one-half times the regular rate at which [they were] employed" for all hours in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

21. Instead, Defendants paid Plaintiff the same amount of money, no matter how many hours he worked.

22. Defendants knew or reasonably should have known that Plaintiff were not exempt from the overtime provisions of the FLSA.

23. Defendants failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

24. Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA.

25. Defendants are liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

26. All nonexempt employees employed by Pita Pal are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

### IV. COUNT ONE—FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207(A)

27. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

28. During Plaintiff's and the nonexempt employees' employment with Pita Pal, they were nonexempt employees.

29. As a nonexempt employee, Defendants were legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which they [were] employed[]" for the hours that they worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

30. Defendants failed to pay Plaintiff and the other nonexempt employees for the hours they worked over forty in a workweek at one and one-half times their regular rate.

31. Instead, Defendants paid Plaintiff and the other nonexempt employees the same amount of money regardless of the number of hours they worked.

32. If Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

33. Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Pita Pal willfully violated the overtime requirements of the FLSA.

## V. COUNT TWO—FAILURE TO MAINTAIN ACCURATE RECORDS IN VIOLATION OF 29 U.S.C. § 211(C)

34. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

35. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

36. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time records as required by the FLSA.

## VI. COUNT THREE—COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

38. On information and belief, other employees have been victimized by Defendants' violations of the FLSA identified above.

39. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner

and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

40. Defendants' policies or practices of failing to pay the minimum wage and overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

41. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

42. All employees of Defendants, regardless of their rates of pay, who were not paid at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All nonexempt employees, including Merchandisers, employed by Pita Pal during the last three years who were not paid overtime and who were misclassified as independent contractors.

43. Defendants are liable to Plaintiff and the other nonexempt employees for the difference between what they actually paid them and what they were legally obligated to pay them.

44. Because Defendants knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the other nonexempt employees their unpaid overtime wages for at least the last three years.

45. Defendants are liable to Plaintiff and the other nonexempt employees in an amount equal to their unpaid overtime wages as liquidated damages.

46. Defendants are liable to Plaintiff and the other nonexempt employees for their reasonable attorneys' fees and costs.

47. Plaintiff has retained counsel who is well versed in FLSA collective action litigation and who is prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VII. JURY DEMAND

48. Plaintiff demands a trial by jury.

## VIII. PRAYER

49. Plaintiff prays for the following relief:

   a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. Judgment awarding Plaintiff and the other nonexempt employees and other misclassified workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. Prejudgment interest at the applicable rate;

   d. Postjudgment interest at the applicable rate;

   e. Incentive awards for any class representative(s); and

   f. All such other and further relief to which Plaintiff and the other nonexempt employees and other misclassified workers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**